Daniex,, Judge,
 

 after stating the case as above, proceeded. — The evidence in the cause, proves to our satisfaction, that the money advanced by the plaintiff, was his own money. There is no proof to support the allegation in the answer, that the father was imposed on; but there is abundant proof, that he intended to do what he did, and that he acted knowingly and understandingly on the subject. The price advanced by the plaintiff, to be sure, was only one-third of the value of the land; but the father meant to make a further provision and advancement to his son: and the evidence shows, that he executed the agreement on the back of the deed, in consideration of the money advanced, and also in consideration of natural love and affection for his son. To induce a Court of Equity to decree the specific performance of an agreement, it must be supported by a valuable or meritorious consideration.
 
 *495
 
 Mere inadequacy of price, is no ground for refusing a specific performance, when the party is under no incapacity or deficiency of judgment, or led by accident or design into a misapprehension of the value.
 
 Western
 
 v.
 
 Russell,
 
 3 Ves. & Bea. 188. In the case before us, the father knew the value ; he was under no incapacity: and to the money advanced, his love and affection was an additional consideration, w'hich will be considered by the Court. Whether the provision was greater than it ought to be, the Court will not take upon itself to examine; the father, as Lord Hardwick® said in
 
 Goring
 
 v.
 
 Nash,
 
 3 Atk. 185, being considered the judge of the quantum of the provision. The defendants say, that this is a parol agreement, and ought not, on that account, to be enforced. It is an agreement in writing, signed by the vendor; and if the statute of fraud had been relied on in the answer, (but it is not) parol evidence might have been given to prove the consideration. We are compelled to say, that the injunction must be made perpetual; and the defendants must be decreed to convey to the plaintiff what title they have in the land. The defendants are i\vo of the heirs-at-law, who have been seeking their rights; the plaintiff, therefore, will not recover costs against them.
 

 Per Curiam. Decree accordingly.